UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WIGGINS, | Case No. SACV 16-2237-KK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Richard Wiggins ("Plaintiff") filed a Complaint seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his application for Title II Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED, and this action is REMANDED for further proceedings consistent with this Order.

///
///
///

---

[1] The Court substitutes Nancy A. Berryhill, the current Acting Commissioner of Social Security, as the Defendant in this matter. Fed. R. Civ. P. Rule 25(a).

# I.

# **FACTUAL AND PROCEDURAL BACKGROUND**

On March 11, 2011, Plaintiff filed an application for DIB, alleging a disability onset date of November 1, 2010. Administrative Record ("AR") at 271-72. Plaintiff alleges disability based on rectal cancer, affective disorder, leg pain, anxiety, small kidney, bladder stones, liver lesion, peripheral neuropathy, lung disease, depression, vitamin deficiencies, fatigue, retinopathy, and anger. Id. at 36-43, 46-49, 60, 62-76, 87-88, 301, 316-17, 319, 324, 328, 332, 356-57, 361. Plaintiff's application was denied initially on August 25, 2011 and upon reconsideration on June 7, 2012 and September 11, 2012. Id. at 87-89.

On August 2, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 125-26. On June 18, 2013, Plaintiff appeared with counsel and testified at a hearing before the assigned ALJ. Id. at 33-49. A vocational expert ("VE") also testified at the hearing. Id. at 49-52. On July 9, 2013, the ALJ issued a decision denying Plaintiff's application for DIB. Id. at 90-104.

On August 16, 2013, Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 183-85. On May 23, 2014, the Appeal's Council issued an order remanding the action to the ALJ. Id. at 105-10.

On July 30, 2015, Plaintiff appeared with counsel and testified at a second hearing before a newly assigned ALJ. Id. at 54-76, 84. A VE also testified at the second hearing. Id. at 76-85. On October 13, 2015, the new ALJ issued a decision denying Plaintiff's application for DIB. Id. at 7-30.

Plaintiff filed a request to the Appeals Council to review the second ALJ decision, and on October 25, 2016, the Appeals Council denied review. Id. at 1-3.

On December 22, 2016, Plaintiff filed the instant action challenging the final decision of the Commissioner denying his application for DIB. ECF Docket No.

("Dkt.") 1, Compl. This matter is before the Court on the Parties' Joint Stipulation ("JS"), filed on October 16, 2017. Dkt. 21, JS.

## II.
## PLAINTIFF'S BACKGROUND

Plaintiff was born on June 29, 1965, and his alleged disability onset date is November 1, 2010. AR at 271. He was forty-five years old on the alleged disability onset date and fifty years old at the time of the second hearing before the ALJ. Id. at 59. Plaintiff has a twelfth-grade education and prior work history as a carpenter and drywall stocker. Id. at 77-78. Plaintiff alleges disability based on rectal cancer, affective disorder, leg pain, anxiety, small kidney, bladder stones, liver lesion, peripheral neuropathy, lung disease, depression, vitamin deficiencies, fatigue, retinopathy, and anger. Id. at 36-43, 46-49, 60, 62-76, 87-88, 301, 316-17, 319, 324, 328, 332, 356-57, 361.

## III.
## STANDARD FOR EVALUATING DISABILITY

To qualify for DIB, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[2]
4. Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

///
///
///

---

[2] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for his verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

4

|   |   |
|---|---|
| 1 | **IV.** |
| 2 | **<u>THE ALJ'S DECISION</u>** |

**A.  STEP ONE**

At step one, the ALJ found Plaintiff had not engaged "in substantial gainful activity during the period from his alleged onset date of November 1, 2010 through his date last insured of December 31, 2014." AR at 12.

**B.  STEP TWO**

At step two, the ALJ found Plaintiff "ha[d] the following severe impairments: history of stage two rectal cancer in 2011, status post resection and colostomy in July 2011, status post pelvic radiation in March 2011, status post chemotherapy in February 2012, status post colostomy in May 2012, chemotherapy induced neuropathy in the hands and feet and depression." Id.

**C.  STEP THREE**

At step three, the ALJ found Plaintiff did "not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526)." Id. at 13.

**D.  RFC DETERMINATION**

The ALJ found Plaintiff had the following RFC:
> to perform light work as defined in 20 CFR 404.1567(b) except: [Plaintiff] can lift and/or carry twenty pounds occasionally, ten pounds frequently; [Plaintiff] can sit, stand or walk for six hours out of an eight-hour workday with normal breaks; [Plaintiff] can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; [Plaintiff] cannot climb ladders, ropes or scaffolds; [Plaintiff] can frequently finger with the bilateral upper extremities; [Plaintiff] must avoid concentrated exposure to unprotected heights; [Plaintiff] is limited to simple tasks, but would be able to sustain attention,

| | |
|---|---|
| 1 | concentration and skills sufficient to carry out work-like tasks with |
| 2 | reasonable pace and persistence. |

Id. at 14-15.

**E.     STEP FOUR**

At step four, the ALJ found Plaintiff "was unable to perform any past relevant work." Id. at 23.

**F.     STEP FIVE**

At step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." Id. at 24.

## V.
## **PLAINTIFF'S CLAIMS**

Plaintiff presents five disputed issues:

1. Whether the ALJ failed to comply with the remand order from the Appeals Council.
2. Whether the ALJ properly weighed the medical opinions.
3. Whether the ALJ erred in dismissing Plaintiff's testimony regarding his mental health symptoms.
4. Whether the ALJ erred by failing to include in her hypotheticals to the VE moderate limitations in Plaintiff's ability to maintain concentration, persistence, and pace.
5. Whether the ALJ properly rejected Plaintiff's subjective complaints.

The Court finds the second issue dispositive of this matter and thus declines to address the remaining issues. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

///

# VI.
# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720; see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) ("[A] reviewing court . . . may not affirm simply by isolating a 'specific quantum of supporting evidence.'"). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which [s]he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885.

///

# VII.

# DISCUSSION

## THE ALJ FAILED TO PROVIDE SUFFICIENT REASONS FOR REJECTING THE OPINIONS OF THE EXAMINING PSYCHOLOGIST

### A. RELEVANT FACTS

The ALJ reviewed Plaintiff's medical records from treating, examining, and nonexamining mental health sources, including the opinions of consultative examining psychologist Betty Borden, Ph.D. AR at 20-22. Dr. Borden is a clinical psychologist who examined Plaintiff on August 26, 2014 for purposes of Plaintiff's social security proceedings. Id. at 601-06.

Dr. Borden reported that Plaintiff's appearance was unkempt and he "appeared to be extremely depressed." Id. at 603. During the exam, Plaintiff spoke in a monotone and "needed some prompts to respond to questions." Id. Plaintiff tested within the low average range of intelligence, with an immediate memory score in the borderline range. Id. at 603-05. Dr. Borden diagnosed Plaintiff with major depressive disorder. Id. at 605. Dr. Borden concluded Plaintiff could perform simple, repetitive tasks, but would "have difficulty performing tasks over the course of a normal work day and work week because of severe depression." Id. In addition, Dr. Borden concluded Plaintiff was "not capable of having contact with the general public" and "would have difficulty relating to supervisors and coworkers because of his severe depression." Id.

The ALJ gave little weight to Dr. Borden's opinions because some of the limitations she suggested were "not consistent with [Plaintiff's] record as a whole." Id. at 22. Specifically, the ALJ explained Plaintiff was not undergoing any mental health treatment as of the date of the hearing and had discontinued his medications. The ALJ also noted that Plaintiff was capable of performing activities of daily living, such as going to internet cafes and playing games on the computer until he gets bored. Id.

B.   **APPLICABLE LAW**

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); see also 20 C.F.R. §§ 404.1502, 404.1527.

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006). "Where such an opinion is contradicted, however, it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" Carmickle, 533 F.3d at 1164; see Ryan, 528 F.3d at 1198; Ghanim v. Colvin, 763 F.3d 1154, 1160-61 (9th Cir. 2014); Garrison, 759 F.3d at 1012. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her or] his interpretation thereof, and making findings." Reddick, 157 F.3d at 725. The ALJ "must set forth [her or] his own interpretations and explain why they, rather than the [treating or examining] doctors', are correct." Id.

C.   **ANALYSIS**

Because Dr. Borden's opinions were contradicted by the other medical evidence of record, in order to reject these opinions, the ALJ was required to present "specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle, 533 F.3d at 1164; see Ryan, 528 F.3d at 1198; Ghanim, 763 F.3d at 1160-61; Garrison, 759 F.3d at 1012. The ALJ failed to provide such reasons.

First, to the extent the ALJ relied generally on perceived inconsistencies between Dr. Borden's opinions and the "record as a whole," id. at 22, this conclusory assertions is not a sufficient reason for rejecting Dr. Borden's opinions.

9

Lannon v. Comm'r of Soc. Sec. Admin., 234 F. Supp. 3d 951, 955 (D. Ariz. 2017) (finding ALJ's conclusion that medical opinion was "inconsistent with other treatment records" failed to constitute a "specific and legitimate reason").

Next, the fact that Plaintiff was not receiving mental health treatment and had discontinued his medications was not a legitimate reason for rejecting Dr. Borden's opinions. "[I]t is a questionable practice [to reject a physician's opinion regarding] a mental impairment for the [Plaintiff's] exercise of poor judgment in seeking rehabilitation." Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1299-1300 (9th Cir. 1999). Here, Plaintiff testified he had not been getting mental health treatment because the doctors wanted to put him on medication that made him feel worse. AR at 71. In addition, Plaintiff had requested counseling services but was waiting for a referral from his insurance. Id. at 71-72. Plaintiff, thus, provided legitimate reasons for his gap in mental health treatment: the medications were not helping, and he was awaiting a referral from his insurance for counseling. Hence, the ALJ's reliance on Plaintiff's lack of mental health treatment is not a legitimate reason for rejecting Dr. Borden's opinions. See Ferrando v. Comm'r of Soc. Sec. Admin., 449 Fed. Appx. 610, 611-12 (9th Cir. 2011)[3] (plaintiff's failure to seek treatment for mental illness was not a clear and convincing reason to reject psychiatrist's opinion where failure to seek treatment is explained); cf. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (stating "an *unexplained, or inadequately explained,* failure to seek treatment" might be a sufficient reason to reject a plaintiff's credibility (emphasis added)).

Finally, Plaintiff's daily activities as cited by the ALJ do not constitute a legitimate reason for rejecting Dr. Borden's opinions. As the ALJ stated, Plaintiff testified that he goes to internet cafes and plays games on the computer. AR at 66. However, Plaintiff explained he only does these activities for fifteen to twenty

---

[3] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

10

minutes at a time because he gets bored "pretty fast." Id. The ability to play computer games for fifteen to twenty minutes at a time is not inconsistent with Dr. Borden's finding that Plaintiff could perform simple, repetitive tasks, but would "have difficulty performing tasks over the course of a normal work day and work week because of severe depression," id. at 605; cf. Smolen v. Chater, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) (finding the ALJ improperly relied on plaintiff's limited daily activities to reject her subjective complaints because "[t]he Social Security Act does not require that claimants be utterly incapacitated for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication"). Hence, the ALJ's reliance on Plaintiff's limited daily activities is not a legitimate reason for rejecting Dr. Borden's opinions.

Based upon the foregoing reasons, the Court finds the ALJ gave insufficient reasons for rejecting Dr. Borden's opinions.

## VIII.
## RELIEF

"When an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Hill, 698 F.3d at 1162. "We may exercise our discretion and direct an award of benefits 'where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.'" Id. "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Id.; see also Reddick, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

In this case, the record has not been fully developed.  The ALJ must specifically assess Dr. Borden's opinions and provide specific and legitimate reasons for rejecting her opinions.  Accordingly, remand for further proceedings is appropriate.

## IX.
## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order.  IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

Dated:  October 31, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge